O’NIELL, Chief Justic.e.
 

 I concur in the decree rendered in this case, because of the admission of the defendant with regard to the classification of the indebtedness of $110,000, as being or representing “borrowed capital” used or invested in the business of the corporation. I doubt very much, however, that it was the intention of the Legislature that the borrowed capital “used or invested in the business” of a corporation should ever be deemed to exceed the value of all of the assets of the corporation. With regard to “the issued and outstanding capital stock,” if it has a nominal or par value, the computation of the tax must be made upon the nominal or par value, without regard for the actual value. But, with regard to borrowed capital, only that which is being used or remains invested in the business ought to be added to the capital stock, surplus, and undivided profits, in order to arrive at the total amount of the capital that is used or invested in the business; otherwise, all of the bills payable of a corporation might be considered as borrowed capital. But my interpretation of paragraph (4) of section 1 of Act No. 8 of 1932, pp. 51, 52, is that all of the borrowed capital that is being used or remains invested in the business of a corporation ought to be added to the capital stock, surplus, and undivided profits, in order to ascertain the total of invested capital, on which the tax should be computed. The proviso in this section of the statute declares that, if the capital used or invested in the business includes borrowed cap
 
 *419
 
 ital, in excess of the capital stock and surplus and undivided profits, such excess or borrowed capital shall be added to the capital stock and surplus and undivided profits, as part thereof, as the basis for computing the franchise tax. An investigation in the office of the secretary of state has informed me that this proviso in the statute appears in the original act which was. signed by the :Governor, thus, “such excess or borrowed capital,” exactly as it appears in print. Hence, the word “or” was not a misprint, or intended for the word “of.” ' To substitute the word “of” for the word “or,” in the expression “such excess or borrowed capital,” gives the proviso the meaning that, if the borrowed capital exceeds in amount the capital stock and, surplus and undivided profits, the tax shall be computed upon the amount of the borrowed capital, instead of being computed upon the total capital used or invested in the business • — which total capital consists of the capital stock, the surplus, the undivided profits, and the borrowed capital used or invested in the business. I concede that the expression “in excess of” is. not an accurate way of Saying “in addition to” or. “besides”; but, when I consider the context and the obvious purpose of the language, I doubt that the using of the word “or,” instead of the word “of,” in' the expression “such excess or borrowed .capital,” was an accident. The Legislature has used the two terms, “excess” and “borrowed capital” as synonymous or convertible terms. Hence, the statute says that this “excess or borrowed capital” shall be added to the capital stock, etc., “as a part thereof” — meaning as a part of the total “capital” used or invested in the business — “as the basis for computing the franchise tax.” There is no good reason why, if the borrowed capital is to be considered at all as a factor in determining the total capital used or invested in a business, it should not be: considered as well ■when it is less as when it is more than the capital stock and surplus and undivided profits. Accordingly, a corporation organized with a capital stock of $10,000, and having a borrowed capital of $10,000, represented by a long-time note or bond issue, ought to pay the franchise tax based •not upon the $10,000 only but upon the whole $20,000 of capital, as long as the borrowed capital remains as a part of the “capital used or invested in the business.” It appears that Act No. 8 of 1932 originated as House Bill 593, in which, as well as in the substitute bill in the Senate Finance Committee, the language was: “Such excess of borrowed capital.” There is no explanation as to why or how the change was made to. “such excess or borrowed capital,” in the original act which was signed by the Governor. There is no erasure or interlineation in the act which was signed by the Governor. By Act No. 10 of the First Extra Session of 1935, this proviso in the act of 1932 has been amended and re-enacted, and in the re-enactment the word “or” is changed to the word “of,” so as to make the proviso read: “Such excess of borrowed capital,” etc. This amend
 
 *421
 
 ment may compel another interpretation on my part, but is not applicable to the present case.